IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET E. McKINNEY,                )
                                     )
        Plaintiff,                  )
                                     )
        v.                          )    Civil Action No. 15-199-E
                                     )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
        Defendant.                  )

O R D E R

AND NOW, this 27th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the administrative law judge ("ALJ") erred in three ways in rendering his opinion that Plaintiff is not disabled under the Social Security Act. First, she argues that the vocational expert ("VE") erroneously listed the same job twice in response to the hypothetical question raised by the ALJ as to whether there were jobs in the national economy that Plaintiff could perform. Second, she asserts that the ALJ erroneously neglected to account for her allergy to narcotics in evaluating her complaints of pain. Third, she claims that the ALJ disregarded evidence of her diverticulitis and diarrhea. The Court disagrees with Plaintiff and finds that substantial evidence supports the ALJ's decision.

As to Plaintiff's first argument, the Court notes that at the fifth step of the sequential analysis, the Commissioner does indeed bear the burden of demonstrating that the claimant can perform jobs existing in the national economy. See Zirnsak v. Colvin, 777 F.3d 607, 616 (3d Cir. 2014). However, this burden is satisfied if the ALJ identifies at least one occupation with a significant number of jobs in the national economy that the claimant can perform. See Wilkinson v. Comm'r of Soc. Sec., 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citing 20 C.F.R. § 404.1566(b)). Plaintiff appears to be correct that the VE listed the position of laundry worker twice as a job she could perform based on her residual functional capacity. (R. 50-51). Given that the VE provided a different number of available positions in the national economy for the two laundry worker positions, it is likely that he misspoke. In any event, there is no real question that the VE identified at least two positions, dishwasher and laundry worker, that Plaintiff could perform, and, even construing the facts in Plaintiff's favor, a significant number of positions existed for each of these jobs. The mere fact that an erroneous second dishwasher position was included does not warrant remand because there still remain sufficient jobs via the other two positions. See Zirnsak, 777 F.3d at 620.

As to Plaintiff's second argument, it is important to note that the ALJ did not find that Plaintiff's failure to take *narcotic* medication negatively impacted her credibility regarding her allegations of pain. He merely indicated that Plaintiff's overall course of treatment had been conservative. (R. 19). The fact that Plaintiff's pain had been managed primarily by over-the-counter medications was relevant to the ALJ, but in no way did he suggest that only the use of narcotic medication would change the analysis. Consideration of the type and dosage of medications used to relieve pain is part of what an ALJ is to consider in evaluating a claimant's subjective claims of pain, see 20 C.F.R. § 404.1529(c)(3)(iv), and that is what the ALJ did here. Indeed, it was merely part of his overall credibility analysis.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 13) is DENIED, and Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

                                        s/Alan N. Bloch
                                        United States District Judge

ecf:        Counsel of record

cc:         Margaret E. McKinney
            151 Ion Lane
            Cowansville, PA 16218

---

As to Plaintiff's third argument, the ALJ clearly addressed Plaintiff's claims of diverticulitis and diarrhea. Contrary to Plaintiff's assertion, the ALJ did not state that there was no medical evidence that Plaintiff suffered from these conditions. Rather, he found that the medical evidence did not support Plaintiff's *severe* allegations related to her diverticulitis and diarrhea. (R. 19). He thoroughly discussed the objective medical evidence and Plaintiff's treatment history in making this finding, and it is supported by substantial evidence. (R. 15, 16, 19). The Court further notes that the ALJ did include as a restriction that Plaintiff have access to a restroom to accommodate her conditions. (R. 14).

Accordingly, the Court finds that substantial evidence supports the ALJ's decision and affirms.